UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MEL JASON JORDON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-312 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| DAN JOSLIN, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| _____ | ) | |

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On May 16, 2005, the Court issued an opinion and judgment dismissing Plaintiff's habeas action without prejudice as a "mixed petition" because it contained both exhausted and unexhausted claims. Only the first three of Petitioner's nine claims were properly exhausted in the Michigan appellate courts. The Court indicated that the statute of limitations would expire on July 29, 2005. Because Petitioner had eighty-three days remaining in the limitations period at the time of dismissal, the Court determined that a stay of the proceedings was not warranted. The Court stated in part:

>   Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *See also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause

>   for failure to exhaust). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.  Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

(5/16/05 Opinion, 4-5, docket #5.)

On July 25, 2005, the Court received Petitioner's amended petition and supporting brief (docket #7).  The amended petition presents the same nine grounds raised in the original petition.  In his brief, Petitioner indicates that he filed a motion for relief from judgment in the Muskegon County Circuit Court on or about July 5, 2005.  Petitioner then requests a stay of the proceedings pending exhaustion of his state-court remedies.  If the Court denies his request for a stay, Petitioner indicates that he would like to proceed on his three exhausted claims "because he is running 'dangerously' close to being afoul of the statute of limitations."  The Court will construe Petitioner's requests as a motion for relief from judgment brought pursuant to FED. R. CIV. P. § 60(b).

Assuming Petitioner's motion for relief from judgment was filed in the Muskegon County Circuit Court on July 5, 2005, the statute of limitations was tolled on that date.  *See* 28 U.S.C. § 2244(d)(2).  At that time, Petitioner had twenty-four days remaining in the limitations period.  The statute of limitations will remain tolled while Petitioner's motion is pending in the Michigan state courts.  *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).  It also is considered pending during the ninety-day period in which Petitioner may file a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition is actually filed.  *See Abela v.*

*Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*). After the ninety-day period expires, Petitioner will have twenty-four days remaining in the limitations period in which to file a new habeas petition presenting his three previously exhausted claims, as well as his six newly exhausted claims. As the Court previously determined, Petitioner has sufficient time remaining in the limitations period in which to file a new habeas petition after the proceedings on his motion for relief from judgment have concluded. Therefore, the Court will deny Petitioner's motion for relief from judgment to the extent he seeks a stay of the proceedings while he exhausts his claims in the state courts.

Petitioner makes his alternative request to proceed on his three exhausted claims under the misapprehension that he will otherwise run afoul of the statute of limitations. As explained above, Petitioner has adequate time to file a new habeas petition in this Court after the conclusion of the proceedings on his motion for relief from judgment. Petitioner also appears to misunderstand the consequences of proceeding on this exhausted claims. If Petitioner proceeds on his exhausted claims, he may not amend his petition in the future to add any newly exhausted claims unless the claims relate back to the original petition. *See* FED. R. CIV. P. 15(c)(2). An amendment to a habeas corpus petition does not relate back to the original petition if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *See Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005) (petitioner's amended petition targeting his statements in a pretrial interrogation, did not arise out of the "conduct, transaction, or occurrence" set forth in his original timely filed petition, and thus did not "relate back" to the date of the original petition, which targeted the admission of videotaped testimony of a prosecutorial witness in his murder trial). Furthermore, if the Court conducts a merits review of Petitioner's three exhausted claims, Petitioner may not file a second or successive habeas corpus petition presenting new claims

without obtaining authorization from the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A). If, however, Petitioner wishes to proceed only on his three exhausted claims, he must file an affidavit to that effect within thirty days of this order. Accordingly:

IT IS ORDERED that Petitioner's motion for relief from judgment is denied to the extent he seeks a stay of these proceedings pending exhaustion of his state-court remedies.

IT IS FURTHER ORDERED Petitioner's motion will be held in abeyance with regard to his alternative request to proceed on his three exhausted claims. If Petitioner wishes to proceed on his three exhausted claims, he must file an affidavit to that effect within thirty days. If Petitioner fails to file an affidavit within thirty days, the Court will assume that he intends to file a new petition after he has completed exhaustion of his state-court remedies.


Dated:  September 19, 2005                                    /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE